UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRIAN DORSEY HILL,

    Plaintiff,

v.

Z. ADELEYE,

    Defendant.

Case No. 25-13243
Honorable Laurie J. Michelson
Magistrate Judge Patricia T. Morris

---

**OPINION AND ORDER OVERRULING PLAINTIFF'S OBJECTION [24], ADOPTING REPORT AND RECOMMENDATION [22], AND DISMISSING PLAINTIFF'S SUPPLEMENT TO COMPLAINT [17-1]**

---

In October 2025, Brian Dorsey Hill, an inmate in the custody of the Michigan Department of Corrections, initiated this 42 U.S.C. § 1983 alleging several violations of his constitutional rights by various prison officials. (ECF No. 1.) At the heart of his initial complaint was a claim that he was retaliated against for reporting concerns about the prison's law library. Chief Magistrate Judge David R. Grand granted Hill's application to proceed without prepaying fees or costs (ECF No. 9) and this Court screened Hill's complaint pursuant to 28 U.S.C. § 1915. (ECF No. 12.) In that order, the Court dismissed all but one of Hill's claims—the retaliation claim against prison law librarian Z. Adeleye—but granted Hill limited leave to amend his complaint to clarify his First Amendment access to courts claim. (*See id.*) The Court then referred all pretrial matters to Magistrate Judge Patricia T. Morris. (ECF No. 13.)

Hill has now filed that amended complaint (ECF No. 17)—but enclosed with it, he added a "supplement" (ECF No. 17-1) seeking to re-add the previously dismissed defendants and claims. (ECF No. 12.)

Accordingly, Judge Morris recommends that the Court dismiss the supplement (ECF No. 17-1) *sua sponte*. (ECF No. 22.) Hill objects. (ECF No. 24.) For the reasons below, the Court overrules Hill's objection, adopts the report and recommendation, and dismisses Hill's "supplement" to the amended complaint.

## I.

When a party objects to a magistrate judge's report and recommendation, a district judge reviews *de novo* those portions to which the party has objected. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3). The Court has no obligation to review un-objected to issues. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985); *Garrison v. Equifax Info. Servs., LLC*, No. 10-13990, 2012 WL 1278044, at *8 (E.D. Mich. Apr. 16, 2012); *see also Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) ("The district court need not provide de novo review where the objections are frivolous, conclusory or general. The parties have the duty to pinpoint those portions of the magistrate's report that the district court must specially consider." (cleaned up)). To that end, the Court must review at least the evidence that was before the magistrate judge, then may accept, reject, or modify the findings and recommendation. *See Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981); Fed. R. Civ. P. 72(b)(3).

The Court has carefully reviewed Hill's amended complaint (ECF No. 17), his supplement (ECF No. 17-1), Judge Morris' report and recommendation to dismiss the

supplement (ECF No. 22), Hill's objection (ECF No. 24), and all other applicable filings and law. Having conducted this *de novo* review, the Court finds that Judge Morris' factual conclusions are reasonably correct, that she reasonably applied the correct law, and that her legal reasoning is sound. Hill's belated effort to re-add already-dismissed defendants and claims through an improperly filed "supplement" to his amended complaint is neither timely nor meritorious.

## II.

Hill's objection to the Report & Recommendation does not move the needle. He concedes that his "supplement" to the amended complaint did far more than clarify the nature of his First Amendment claim against Defendant Adeleye—it "sought to establish a reconsideration to the dismissed defendant's [sic] . . . T. Chrisman, J. Malloy, R. Pearl, S. Dixon, and Lt. Amesse." (ECF No. 24, PageID.192.) But an objection to a report and recommendation is not a proper vehicle for challenging an earlier decision by the Court. Put simply, if Hill wanted to seek reconsideration of the Court's screening opinion (ECF No. 12), he needed to file a proper reconsideration motion—not briefly mention a desire for reconsideration in his objection.

## III.

Accordingly, the Court OVERRULES Hill's objection to Judge Morris' report and recommendation (ECF No. 24), ADOPTS the recommended disposition (ECF No. dismiss Hill's "supplement" to that complaint (ECF No. 17-1) as improper.

SO ORDERED.

Dated: July 10, 2026

3

s/Laurie J. Michelson
LAURIE J. MICHELSON
UNITED STATES DISTRICT JUDGE